ADAM GORDON
United States Attorney
THOMAS J. SOMMER
Special Assistant U.S. Attorney
District of Columbia Bar No. 90000333
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone (619) 546-9086
thomas.sommer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
Mar 16 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ claudiacarranza DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERNESTO DUARTE,<br>Defendant. | Case No. 25-CR-3848-WQH<br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Thomas J. Sommer, Special Assistant United States Attorney, and defendant, Ernesto Duarte, with the advice and consent of Nina Papachristou, counsel for defendant, as follows:

//

//

//

//

//

//

I

**THE PLEA**

Defendant agrees to plead guilty to Count 1 of the Indictment charging Defendant with:

> On or about September 22, 2025, within the Southern District of California, defendant ERNESTO DUARTE, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, to wit: a loaded 9mm Sig Sauer handgun bearing serial number 52G023237, and a Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338, that traveled in and affected interstate commerce; in violation of Title 18 United States Code, Section 922(g)(1) and 924(a)(8).

In addition, defendant consents to the forfeiture allegations of the Information, consents to the forfeiture of all properties seized in connection with the case, and agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

II

**NATURE OF THE OFFENSE**

A. **ELEMENTS EXPLAINED**

The offense to which Defendant is pleading guilty has the following elements:

1. Defendant knowingly possessed a firearm;

2. The firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and

3. At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

4. At the time the defendant possessed the firearm the defendant knew that they had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

//

**B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about September 22, 2025, Defendant knowingly possessed a loaded 9mm Sig Sauer handgun bearing serial number 52G023237 and a Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338 within the Southern District of California.

2. The 9mm Sig Sauer handgun bearing serial number 52G023237 and the Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338 had been shipped or transported from one state to another, in that each firearm was not manufactured in California.

3. At the time Defendant possessed the 9mm Sig Sauer handgun bearing serial number 52G023237 and the Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. At the time Defendant possessed the 9mm Sig Sauer handgun bearing serial number 52G023237 and the Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338, Defendant was aware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**III**

**PENALTIES**

The crimes to which Defendant is pleading guilty carries the following penalties:

A. A maximum 15 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count;

D. A term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. Forfeiture of all firearms and ammunition involved in the offense.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant;

F. Not testify or have any adverse inferences drawn from the failure to testify; and

G. Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceedings.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information.

Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up and rendered ineligible to receive valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//

//

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

X

**PARTIES SENTENCING RECOMMENDATIONS**

**A. SENTENCING GUIDELINE CALCULATIONS**

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures.

1. Base Offense Level [USSG § 2K2.1] *
2. Acceptance of Responsibility [USSG § 3E1.1(a)] -2/3

*** The parties agree that the Base Offense Level for the conduct charged in the Indictment is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if the Defendant is determined to be an Armed Career Criminal. The parties may argue for the applicability of any Base Offense Level based on the information available at the time of sentencing.**

**B. ACCEPTANCE OF RESPONSIBILITY**

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer;

4. Breaches this plea agreement in any way; or

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

**C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may recommend additional downward variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may recommend any variances under 18 U.S.C. § 3553 and may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

**D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The Parties have no agreement as to Defendant's Criminal History Category other than convictions set forth in the "factual basis" paragraph of this agreement.

**E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

**F. PARTIES RECOMMENDATIONS REGARDING CUSTODY**

The Government agrees to recommend that defendant be sentenced to the greater of the low end of the advisory Guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of one level under the Sentencing Guidelines[1] or the time served in custody at the time of sentencing.

---

[1] This variance is in consideration of Defendant's expeditious resolution of the case and waiver of appeal.



Def. Initials ________

**G. SPECIAL ASSESSMENT AND FORFEITURE**

**1. Special Assessment and Fine**

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

**2. Forfeiture**

Defendant agrees that the provisions of the attached Forfeiture Addendum shall govern forfeiture in this case.

**H. SUPERVISED RELEASE**

Defendant will not recommend a term of supervised release of less than two years. The government may recommend any term of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

The Parties will jointly stipulate/recommend a full Fourth Amendment waiver as a condition of supervised release for Defendant to submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic

communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the

prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//



Def. Initials ______

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

2/17/2026
DATED

THOMAS J. SOMMER
Special Assistant U.S. Attorney

1/26/26
DATED

NINA PAPACHRISTOU
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

1/26/26
DATED

ERNESTO DUARTE
Defendant

Approved by:

/s/ James Redd
JAMES REDD
Assistant U.S. Attorney

**FORFEITURE ADDENDUM**

Defendant's convictions will include forfeiture. This forfeiture addendum is incorporated into and as a part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant understands that forfeiture is mandatory for the offenses to which he is pleading guilty.

A. Penalty. In addition to the penalties in the plea agreement, federal law requires forfeiture from the Defendant of all firearms and ammunition involved in the offenses pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

B. Property Subject to Forfeiture. As part of Defendant's guilty plea to the Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to: a loaded 9mm Sig Sauer handgun bearing serial number 52G023237, a Faissi Asena Arms 12-gauge shotgun bearing serial number 21-4338, approximately seven (7) rounds of 9mm ammunition, and approximately 300 rounds of 5.7x28mm ammunition.

C. Basis of Forfeiture. Defendant agrees that the firearms and ammunition described above were involved in the offenses of conviction and are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c). Defendant consents to the forfeiture to the United States of all other properties seized in connection with this case.

D. Immediate Entry of Preliminary Order of Forfeiture. Defendant consents and agrees to the immediate entry of a preliminary order of

forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant is withdrawing any and all claims and petitions in any and all related proceedings by signing this addendum.

E. Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

//

F. Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

G. Agreement Survives Defendant; No Forfeiture Abatement. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

ADAM GORDON
United States Attorney

2/18/2026
DATED

[signature]
THOMAS SOMMER
Special Assistant U.S. Attorney

2/18/2026
DATED

[signature]
NINA PAPACHRISTOU
Defense Counsel

02/18/2026
DATED

Ernesto Flores Duarte
ERNESTO DUARTE
Defendant